```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER FIORICA,

                        Plaintiff,             07-CV-6232T

             v.                                **DECISION**
                                               **and ORDER**
UNIVERSITY OF ROCHESTER,
SCHOOL OF NURSING,

                        Defendant.
_____
```

                            INTRODUCTION

     Plaintiff Jennifer Fiorica ("Fiorica"), a former student of
the defendant University of Rochester School of Nursing, brings
this action pursuant to Title III of the Americans with
Disabilities Act of 1990, codified at 42 U.S.C. 12181 et. seq., and
the New York State Human Rights Law claiming that the defendants
improperly dismissed her from the School of Nursing because she
suffers from bi-polar disorder, which she claims is a disability.

     Defendant denies plaintiff's allegations and moves pursuant to
Rule 12(c) of the Federal Rules of Civil Procedure to dismiss
plaintiff's Complaint for failure to state a claim.  Specifically,
defendant contends that because Title III of the ADA does not allow
for the relief sought by the plaintiff in this action (money
damages) plaintiff has failed to state a claim upon which relief
may be granted.  Plaintiff opposes defendant's motion, and seeks
leave to file an Amended Complaint.

     For the reasons set forth below, I grant defendant's motion to
dismiss the Complaint, and deny plaintiff's motion to amend.

BACKGROUND

Plaintiff Jennifer Fiorica is a former student of the University of Rochester School of Nursing which she began attending in May, 2003. According to the Complaint, in October, 2006, plaintiff informed one of her instructors that she had been clinically diagnosed as suffering from bi-polar disorder, for which she was taking a prescription medication. It is not clear from the Complaint as to why plaintiff disclosed this information to her instructor.

According to the plaintiff, shortly after she informed her instructor of her condition, she was accused of misconduct for having allegedly engaged in sexual misbehavior with a family member of a patient. She was also accused of violating hospital policy by allegedly accepting a carved pumpkin from a patient as a token of gratitude.

On October 31, 2006, plaintiff met with an Associate Dean of the School of Nursing who informed Fiorica that because of the complaints against her, she would no longer be allowed to participate in clinical instruction, but could continue to attend classroom sessions. On November 13, 2006 a formal hearing was held on the charges made against the plaintiff. According to the plaintiff, during the hearing she again informed school officials that she suffered from bi-polar disorder. Following the hearing, on November 30, 2006, plaintiff was expelled from the School of Nursing.

DISCUSSION

I.   Defendants' Motion to Dismiss

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that upon the close of pleadings, any party may move for judgment upon the pleadings.  A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same standards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001). When evaluating a Rule 12(b)(6) or Rule 12(c) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Patel, 259 F.3d at 126; Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II.   Plaintiff has failed to state a claim for relief under the ADA

Title III of the Americans with Disabilities act of 1990 states in relevant part that: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation

by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In seeking relief pursuant to Title III of the ADA, it is well established that monetary damages are not available to a private plaintiff proceeding under the Act, and that the only remedy available to a private plaintiff under Title III of the ADA is injunctive relief to prevent ongoing discrimination. Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir.2004)("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages"); Bernas v. Cablevision Systems Corp., 215 Fed.Appx. 64, 67-68 (2nd Cir., 2007) ("Title III provides private parties with the right to injunctive relief to stop or prevent disability discrimination in a place of public accommodation, but it provides no right to monetary damages for past discrimination."); Milsap v. Republic Western Ins. Co., 2007 WL 1821307, *2 (D. Ariz., June 25, 2007)(remedies available to private plaintiff in a Title III case are for equitable relief or to prevent discrimination); Majocha v. Turner, 166 F.Supp.2d 316, 324 (W.D.Pa., 2001)("Other than attorneys fees, injunctive relief is the only relief available to plaintiffs under Title III of the ADA."); Delil v. El Torito Restaurants, Inc., 1997 WL 714866, *5 (N.D. Cal., June 24, 1997)("[I]njunctive relief is the only relief to which a private plaintiff is entitled in a suit under Title III of the ADA.")

In the instant case, plaintiff's Complaint seeks monetary damages for the alleged discrimination against her by the

defendant. Because she may not obtain such relief as a matter of law, she has failed to state a claim upon which relief may be granted. Milsap, 2007 WL 1821307 at *2)(where only remedy sought by private plaintiff under Title III of the ADA is monetary relief, claim must be dismissed for failure to state a claim); Abbott v. Town of Salem, 2007 WL 764483 (D. N.H., March 12, 2007)(dismissing cause of action seeking monetary damages in Title III action on grounds that plaintiff could not, as a matter of law, obtain such a remedy); Woods v. Wills, 400 F.Supp.2d 1145,1163 (E.D. Mo., 2005)("where ADA Title III plaintiff's request for relief was limited to money damages, she failed to state a claim upon which relief could be granted and dismissal was appropriate")(citing Riggs v. CUNA Mutual Ins. Soc'y, 171 F.Supp.2d 1210, 1214 (D.Kan.2001)). Accordingly, I grant defendant's motion to dismiss plaintiff's cause of action under the ADA.

    III. Plaintiff's request to Amend the Complaint

In Plaintiff's Opposition to Defendant's Motion to Dismiss, plaintiff recognizes that monetary damages are not available to her pursuant to Title III of the ADA, and as a result, seeks to amend her Complaint to add, inter alia, a claim for injunctive relief pursuant to Title III, and a claim of retaliation under the ADA. Specifically, plaintiff seeks injunctive relief reinstating her to the School of Nursing, and seeks monetary damages for her claim that she was retaliated against by the school for advising her teacher that she suffered from bi-polar disorder.

Plaintiff's motion to amend is denied as futile.  Although Plaintiff now seeks injunctive relief in the form of reinstatement to the nursing program, such relief is not available under Title III of the ADA.  The ADA specifically limits the remedies available under Title III to the same remedies that are available under Title II of the Civil Rights Act of 1964.  See 42 U.S.C. 12188(a)(1) ("The remedies and procedures set forth in 2000a-3(a) of this title are the remedies . . . this subchapter provides to any person who is being subjected to discrimination on the basis of a disability . . . .")  Title II of the Civil Rights Act of 1964 provides in relevant part that:

> [w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved.

42 U.S.C. § 2000a-(3) (emphasis added).  Accordingly, the only relief available for a private plaintiff under Title III of the ADA is prospective relief from ongoing discrimination. See Bass v. Parkwood Hospital, 180 F.3d 234, 244 (5th Cir. 1999)("Unlike many other civil rights statutes . . . 42 U.S.C. § 2000a allows only for prospective relief and does not authorize damage awards"); Bernas, 215 Fed.Appx. 64, 67-68 (2nd Cir., 2007) (Title III "provides no right to monetary damages for past discrimination.").

To establish entitlement to prospective injunctive relief, a plaintiff must demonstrate "a real and immediate threat that he would again be [the victim of the allegedly unconstitutional

practice.]" <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983). An allegation that discrimination occurred in the past will not establish a claim for prospective injunctive relief where there is no allegation that the unlawful practice is continuing. <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495 (1974)("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief....").

In this case, the injunctive relief sought by the plaintiff (reinstatement to the nursing program) is not preventative relief, and therefore, is not available under Title III of the ADA. Accordingly, I deny plaintiff's motion to amend the Complaint to restate her ADA Title III claim as a claim for injunctive relief.

Additionally, I deny plaintiff's motion to amend the Complaint to add a claim for retaliation under the ADA. Plaintiff's request to add a claim for retaliation was made only after she was made aware by the defendant that money damages are not available under Title III of the ADA. Upon that realization, and in an apparent attempt to plead a cause of action that would allow for money damages, plaintiff has attempted to recast her claim for discrimination as one for retaliation. Indeed, the retaliation claim of the proposed Amended Complaint is almost verbatim the discrimination claim that was set forth in the original Complaint.

To establish a prima facie case of retaliation under the ADA, a plaintiff must demonstrate that: "(a) he 'engaged in protected activity,' (b) [his employer] was 'aware of this activity,' (c)

[the employer] 'took adverse action against [him],' and (d) 'a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action.'" Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 177 (2nd Cir., 2006). "Protected activity" is defined as "oppos[ing] any act or practice made unlawful by" the ADA, or making "a charge, testifying assist[ing in], or participat[ing] in any manner in an investigation, proceeding or hearing under the ADA. 42 U.S.C. § 12203.

While plaintiff contends that she informed her instructor that she was bi-polar, and thereafter that she was discriminated against by the school, such a claim fails to allege that the plaintiff engaged in a protected activity as that term is defined by the ADA. There is no indication that adverse action was taken against her by the defendant because she opposed any act or practice made unlawful by the ADA, or that adverse action was taken against her because she made a charge under the ADA, or participated in any manner in any proceeding or investigation under the ADA. Accordingly, I find that plaintiff's allegation of retaliation fails to state a claim upon which relief may be granted, and I deny her motion to amend.

III. Plaintiff's state causes of action.

Pursuant to 28 U.S.C. 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. Because the federal claims of plaintiffs' Complaint have been dismissed, I decline to exercise jurisdiction over plaintiff's

remaining state law cause of action.  See <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)(authorizing district court to dismiss state and common law claims for lack of jurisdiction when all federal claims have been dismissed).

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted, and plaintiff's motion to amend is denied.

ALL OF THE ABOVE IS SO ORDERED.


S/ Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         March 31, 2008